[No. 19261. Department Two.    October 30, 1925.]

DORA M. LUNDY, *Appellant*, v. SPOKANE UNITED
RAILWAYS, *Respondent*.[1]

STREET RAILROADS (11, 29)—NEGLIGENCE—CROSSINGS — QUESTION FOR JURY.  The negligence of a motorman in striking a pedestrian is a question for the jury, where his car was standing and headed north at a street intersection, where he had a full view of the plaintiff when she started and while crossing the street, and he started up and turned west at the intersection, striking plaintiff without giving a signal or warning.

SAME (18, 20)—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. In such a case, the contributory negligence of the plaintiff is a question for the jury, where she noticed the standing car before she started to cross, and gave her attention to approaching automobile traffic thereafter, having no intimation or notice that the street car would turn west at the intersection.

Appeal from a judgment of the superior court, for Spokane county, Lindsley, J., entered April 15, 1924, upon granting a nonsuit in an action for personal injuries sustained by a pedestrian, struck by a street car.  Reversed.

*C. T. McDonald* and *Plummer, Zent & Lovell,* for appellant.

*Post, Russell & Higgins,* for respondent.

FULLERTON, J.—This was an action for personal injuries, in which the appellant, plaintiff below, was nonsuited at the conclusion of her evidence.

[1]Reported in 240 Pac. 354.

The record shows the following facts: Sprague avenue and Washington street, in the city of Spokane, intersect at a right angle; the first extending east and west from the point of intersection, and the latter, north and south. Double street car tracks are laid upon both streets, and they are so connected that a street car going north on Washington street may turn west onto Sprague avenue. The avenue is at this place some fifty feet in width between curbs. Extending across the avenue, at its junction with Washington street, a path was marked by parallel white lines as a passage way for pedestrians.

At about the hour of 7:30 o'clock, in the evening of September 30, 1923, the appellant approached the intersection of the streets from the west, walking on the south side of Sprague avenue, intending to turn north and cross the avenue at the cross-way mentioned. A woman companion was walking with her. As they reached the place of crossing, the appellant looked to ascertain the traffic on the streets. She saw a street car standing on Washington street at its junction with the south side of Sprague avenue; it was on the east track and was headed north. To her left were approaching automobiles. One of these neared her as she stepped from the sidewalk to the street, the driver of which slowed up his car and motioned to her to proceed. She then proceeded with her companion to cross the street within the parallel lines before mentioned. When she reached the most northerly of the street car tracks, she was struck by the fender of the street car which was standing on Washington street when she entered the avenue, it having moved from that place over the connecting tracks while she was in the act of crossing the street.

She testifies that, when crossing the street, she was giving her attention to the automobile traffic approach-

ing from the west, and paid no attention to the street car; testifying further that the car gave no warning by bell or gong of its approach which she heard. Her testimony is supported by her companion as to the manner of the accident, and as to the fact that no warning was given of the approach of the street car.

The motion for non-suit was based on the grounds that no negligence was shown on the part of the respondent, and that the appellant was herself guilty of negligence. The order granting the motion was general; the record not disclosing whether the court found one or both of the grounds controlling.

In our opinion, the court erred in its ruling. As to the respondent, it would seem clear that the question of its negligence was for the jury. The appellant started to cross the street at the place marked out for pedestrians to cross by the public authorities. She was at all times, while so crossing, within the view of the operator of the car of the respondent. As the evidence now stands, it shows that the operator moved over the connecting tracks and onto the path of the appellant without giving the usual and customary warning. In view of the situation, different minds can well take a different view as to whether such conduct is negligent, and this relegates the question of negligence to the jury as matter of fact, not to the court as matter of law.

The question whether the appellant was guilty of negligence, as matter of law, is of more difficulty. Our opinion is that the question was, also, one for the jury. It must be remembered that the appellant was crossing the street at a place appointed for her to cross by the public authorities; and remembered furthermore that the car was standing still when she saw it, headed in a direction which gave her no warning that it would turn onto the street she was crossing. It is true, she

knew that cars sometimes turned at that place from the one street into the other, but she also knew that all of them did not so turn, and she had the right to anticipate that, if this one so turned, it would give the usual warning of its approach. Taking into consideration all of the surrounding circumstances, we cannot conclude that the question was rightfully taken from the jury.

We think we need not review the many cases cited by the parties. The governing principles of law are well understood; the difficulty always lies in applying the facts of the particular case to these principles.

The judgment is reversed and remanded for a new trial.

TOLMAN, C. J., MACKINTOSH, HOLCOMB, and MITCHELL, JJ., concur.